[Cite as *State v. Rodriguez*, 2026-Ohio-2615.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115944 |
| v. | : | |
| YADIEL RODRIGUEZ, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 9, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-700535-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Morgan Austin, Assistant Prosecuting Attorney, *for appellee*.

Kats Law, LLC, Brian P. Scherf, and Sergey K. Kats, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Yadiel Rodriguez ("Rodriguez") appeals the denial of his motion to suppress evidence. We affirm the trial court's decision since Rodriguez failed to provide a transcript for appellate review.

## I. Facts and Procedural History

{¶ 2} As a preliminary matter, we note that, in the absence of an App.R. 9(B) transcript or App.R. 9(C) statement, the following recitation of facts is based solely on the limited record before us.

{¶ 3} In March 2025, Rodriguez was indicted in a four-count indictment. Count 1 charged him with unlawful possession of dangerous ordnance, a fifth-degree felony, and included one-, three-, and six-year firearm specifications. Counts 2 and 3 charged Rodriguez with carrying a concealed weapon, both fourth-degree felonies. Count 2 included a furthermore clause that the weapon was a dangerous ordnance while Count 3 included a furthermore clause that the weapon was either a loaded firearm or a firearm with ammunition ready at hand. Count 4 charged Rodriguez with improperly handling firearms in a motor vehicle, a fourth-degree felony. Each count carried a forfeiture-of-a-weapon specification. Rodriguez pleaded not guilty and filed a motion to suppress as discovery progressed.

{¶ 4} In his motion, Rodriguez sought to suppress all evidence regarding the warrantless search of his person and any testimony from police officers regarding their investigation and observations from the scene of his arrest. Rodriguez claimed that police officers unlawfully detained him, did not have probable cause to stop the vehicle he occupied, and lacked articulable suspicion to open the vehicle's door and arrest him. The State opposed the motion, countering that police officers initiated a lawful traffic stop of the vehicle occupied by Rodriguez, lawfully opened the vehicle's door and detained the vehicle's driver and Rodriguez,

had reasonable suspicion to search Rodriguez for weapons, and had probable cause to arrest him.

{¶ 5} The trial court held a suppression hearing and, after considering the parties' legal arguments and the evidence presented, issued a detailed journal entry. Therein, the trial court discussed its extensive factual findings, referencing the testimony offered by three detectives and body-camera footage from the traffic stop, and conducted a thorough legal analysis. The trial court concluded that the detectives had probable cause to stop the vehicle, Rodriguez was not unlawfully detained, the traffic stop was not unlawfully extended, and the detectives were lawfully permitted to open the vehicle's door. Consequently, the trial court denied Rodriguez's motion to suppress.

{¶ 6} After the trial court's ruling, Rodriguez withdrew his former not-guilty pleas and entered no-contest pleas to Counts 1 through 4. The trial court found Rodriguez guilty of each count as charged in the indictment, ordered him to forfeit the weapon involved, and imposed a minimum prison sentence of six years and six months.

{¶ 7} Rodriguez then appealed the denial of his motion to suppress, indicating that a partial transcript under App.R. 9(B) and statement of evidence or proceedings under App.R. 9(C) were necessary to resolve his appeal. However, this court sua sponte converted the record to an App.R. 9(A) record since a transcript and statement were never filed. Rodriguez subsequently filed his appellate brief, raising a single assignment of error for this court's review.

**Assignment of Error**

The trial court erred in denying [Rodriguez's] motion to suppress evidence in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Section 14 of the Ohio Constitution.

## II. Law and Analysis

{¶ 8} In his single assignment of error, Rodriguez challenges the trial court's denial of his motion to suppress evidence.

{¶ 9} "A plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." *State v. Beasley*, 2018-Ohio-16, ¶ 15, citing Crim.R. 12(I); *State v. Hill*, 2022-Ohio-4544, ¶ 7 (explaining that "with a no-contest plea, the defendant preserves the ability to raise more issues on appeal than by entering a guilty plea"). Appellate review of a motion to suppress generally presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. At a suppression hearing, the trial court is in the best position to evaluate the evidence and the credibility of witnesses and, therefore, assumes the role of trier of fact when considering a motion to suppress. *Id.* An appellate court must accept the trial court's findings of fact as true so long as they are supported by competent, credible evidence. *Id.* The appellate court must then apply the de novo standard of review to the trial court's conclusions of law, independently determining whether the facts satisfy the applicable legal standard without deference to the trial court's legal conclusions. *Id.*

{¶ 10} On appeal, Rodriguez asserts that police officers unlawfully detained him, did not have probable cause to stop the vehicle he occupied, and lacked reasonable and articulable suspicion to stop or search the vehicle and arrest him. To support his argument, Rodriguez discusses the facts and circumstances surrounding the traffic stop and references video footage, presumably gleaned from the testimony and evidence presented during the suppression hearing. However, the appellate record does not include any transcripts or video footage despite Rodriguez's reliance upon them throughout his appellate brief.

{¶ 11} "When considering any argument raised on appeal, a reviewing court is limited to considering only those matters found in the record." *AAA All City Heating v. New World Communications of Ohio, Inc.*, 2004-Ohio-5591, ¶ 59 (8th Dist.), citing *Volodkevich v. Volodkevich,* 48 Ohio App.3d 313, 314 (9th Dist. 1989). It is the appellant's duty to provide a reviewing court with the record of the facts, testimony, and evidentiary materials necessary to support the assignments of error raised on appeal. *Id.*, citing, *id.*, and App.R. 9(B) and 10(A). Where an appellant fails to provide the reviewing court with all parts of the record essential to the appeal's determination, a presumption of regularity attaches to the trial court's proceedings. *Id.*, citing *id.; Rocky River v. Sanford El,* 2023-Ohio-4534, ¶ 6 (8th Dist.) (holding that this court presumes regularity in the trial court's proceedings without the filing of a transcript or statement), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the

reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").

{¶ 12} Here, the trial court's legal conclusions resulting in the denial of Rodriguez's motion to suppress were based upon the testimony and evidence presented at the suppression hearing. Rodriguez's appellate arguments rely heavily on (1) the facts and circumstances surrounding the traffic stop that led to his convictions and (2) the application of law to those specific factual determinations. The duty to provide the factual record, testimony, and evidentiary materials for appellate review falls squarely upon Rodriguez. After Rodriguez failed to file the App.R. 9(B) transcript and App.R. 9(C) statement, the record was converted sua sponte to an App.R. 9(A) record, which includes only the original papers and exhibits filed in the trial court and certified copies of the docket and journal entries. Since neither an App.R. 9(B) transcript nor App.R. 9(C) statement were filed, we are unable to adequately review the facts underlying the trial court's decision and must presume regularity of the trial court's proceedings. Based on the limited record before us, we cannot say that the trial court's denial of the motion to suppress was improper. Accordingly, we affirm the trial court's decision and overrule Rodriguez's assignment of error.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR